IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff, | §<br>§<br>§ | |
| v. | § | Civil Action No. 3:17-CV-2286-N-BK |
| | § | |
| $50,060.00 IN U.S. CURRENCY,<br>    Respondent In Rem, | §<br>§<br>§ | |
| | § | |
| TRAVIS TAYLOR,<br>    Claimant. | §<br>§ | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to District Judge Godbey's *Order of Reference*, Doc. 16, and 28 U.S.C. § 636(b), this case has been referred to the undersigned magistrate judge for pretrial management. On September 29, 2017, Travis Taylor filed a claim to the seized funds ($50,060.00) at issue in this civil-forfeiture case.  Doc. 7.  On July 13, 2018, the Government filed a motion to dismiss Taylor's claim for failure to prosecute, specifically noting Taylor's failure to engage in the discovery process and refusal to cooperate in this litigation.  Doc. 17.  By rule of this Court, Taylor was required to respond to the Government's motion by August 3, 2018, but failed to do so.  *See* N.D. TEX. LOCAL. CIV. R. 7.1(e) (establishing a 21-day deadline to respond to motions). On August 9, 2018, the Court *sua sponte* extended Taylor's deadline to file a response and admonished him that if he failed to respond, he risked dismissal of his claim.  Doc. 19 at 1-2. The extended deadline has now passed and still Taylor has not filed a response.

Federal Rule of Civil Procedure 41(b) permits a court to dismiss an action *sua sponte* for failure to prosecute or follow court orders.  *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).  This authority flows from a court's inherent power to control its docket, prevent

undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Thus far, Taylor has refused to engage in the discovery process, comply with various procedural rules, or respond to the Government's pending dismissal motion, despite being afforded multiple opportunities to do so. In light of such contumacious conduct, the Court concludes that Taylor has abandoned his claim to the forfeited funds. Accordingly, the *United States' Motion to Dismiss Third-Party Claim for Want of Prosecution*, Doc. 17, should be **GRANTED** and Taylor's third-party claim to the forfeited funds should be **DISMISSED**.

   **SO RECOMMENDED** on August 27, 2018.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

   A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE